1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

AMANDA ADAMS, an individual,

8

Plaintiff,

9

v.

10

STEPHEN SCHNEIDER, an
individual and STEPHEN

11

SCHNEIDER, ATTORNEY AT
LAW, P.S., a Washington

12

corporation,

13

Defendants.

NO. 2:19-CV-0103-TOR

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE

14
15

BEFORE THE COURT is Defendants' Motion for Summary Judgment

16

(ECF No. 13) and Defendants' Request for Judicial Notice (ECF No. 17). These

17

matters were heard with oral argument on September 9, 2020. Kirk D. Miller

18

appeared on behalf of Plaintiff. Marcus E. Johnson and Michael E. Ramsden

19

appeared on behalf of Defendants. The Court has reviewed the record and files

20

herein and considered the parties' oral arguments, and is fully informed. For the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE ~ 1

reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 13) is **GRANTED** and Defendants' Request for Judicial Notice (ECF No. 17) is **DENIED as moot**.

## BACKGROUND

This case arises out of Defendants' action for unlawful detainer against Plaintiff in Spokane County Superior Court. *See* ECF No. 1. Defendants seek summary judgment on the grounds that Defendants' conduct does not implicate the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 13. Defendants also request judicial notice of the "entire record" related to the underlying state court proceedings, ECF No. 17, without providing a copy of the entire record. The parties have attached certain documents to their pleadings in support of their arguments, which have not been objected to by the opposing party. ECF Nos. 16-1, 16-2, 16-3, 16-4, 20-1, 20-2, 20-3, 20-4. Except where noted, the following facts are not in dispute.

Plaintiff resided in a home on East Mission Avenue, Spokane Valley, WA with her significant other, Roy Wiggin. ECF No. 14 at 1-2, ¶ 1. The home was owned by Richard Ingram. *Id.* Plaintiff resided at the home with the permission of the owner; she did not have a lease, nor did she pay rent. ECF No. 14 at 2, ¶ 2. After Richard Ingram passed away, Defendants were retained by the estate's personal representative, Joel Ingram, to recover possession of the residence. ECF

No. 14 at 2, ¶ 3. Plaintiff disputes that Defendants were retained to only recover possession of the residence. ECF No. 21 at 2, ¶ 1.

On May 3, 2018, Plaintiff was served with a Demand for Immediate Possession, requiring her to vacate the residence. ECF No. 14 at 2, ¶ 4. The parties dispute whether Defendants merely sought possession or whether this demand also sought an amount of monies or back rent. ECF No. 14 at 2, ¶ 5; ECF No. 21 at 2, ¶ 2. That same day, Plaintiff was also served with a 20-Day Notice to Terminate Tenancy. ECF No. 14 at 2, ¶ 5. This notice required that she surrender possession of the residence; it did not contain a demand for any amount of monies or back rent. *Id.*

On May 15, 2018, Defendants filed a Complaint for Unlawful Detainer against Plaintiff and Mr. Wiggin in Spokane County Superior Court. ECF No. 14 at 3, ¶ 7. The complaint sought the following relief: (1) termination of tenancy; (2) damages for unlawful detainer with costs of enforcement of Writ of Restitution; (3) reasonable attorney's fees and costs; and (4) further relief as the Superior Court deemed just and equitable. ECF No. 14 at 3, ¶ 9. At the time the complaint was filed, Plaintiff did not owe a debt to Mr. Robert Ingram's estate because she resided at the residence rent free. ECF No. 14 at 3, ¶ 8.

Plaintiff then met with Defendants to execute an Agreed Order for Writ of Restitution and Limited Dissemination which terminated Plaintiff's tenancy and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ~ 3

1   restored possession to Defendants' client, Mr. Joel Ingram.  ECF No. 13 at 3, ¶ 11.

2   Plaintiff disputes that this order was "Agreed" as Plaintiff signed both on behalf of

3   herself and her absent partner, Mr. Wiggin, without his consent.  ECF No. 21 at 2,

4   ¶ 4.

5          On June 14, 2018, the Superior Court issued a Writ of Restitution to

6   terminate Plaintiff's tenancy and restore possession to Defendants' client, Mr.

7   Ingram.  ECF No. 14 at 4, ¶ 12.  On June 20, 2018, Plaintiff's partner, Mr. Wiggin,

8   filed a motion to vacate judgment and stay enforcement of the court's writ of

9   restitution.  ECF No. 14 at 4, ¶ 13.  That same day, the Superior Court heard Mr.

10  Wiggin's motion.  ECF No. 14 at 4, ¶ 14.  Plaintiff did not participate or join in the

11  motion or hearing.  ECF No. 14 at 4, ¶¶ 13-14.

12         At a later point, the Superior Court dismissed the Unlawful Detainer action,

13  finding there was no subject matter jurisdiction.  ECF No. 14 at 4, ¶ 15; ECF No.

14  20-3.  Due to the dismissal, adjudication on the merits and damages were not

15  reached.  ECF No. 14 at 4, ¶ 16.  Plaintiff disputes the lack of adjudication to the

16  extent that she alleges the Superior Court found Plaintiff and Mr. Wiggin to be in

17  rightful possession of the residence.  ECF No. 21 at 2, ¶ 6.  Such assertion is not

18  supported by the state court order.  ECF No. 20-3.

19

20

The parties dispute whether Defendants ever sought recovery of rent from Plaintiff during these proceedings.  ECF No. 14 at 5, ¶ 17; ECF No. 21 at 2, ¶ 7; ECF No. 23 at 2, ¶ 5.

## DISCUSSION

### A. Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in

1    favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

2    inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

3    *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

4    "against a party who fails to make a showing sufficient to establish the existence of

5    an element essential to that party's case, and on which that party will bear the

6    burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In ruling on a summary

7    judgment motion, a court must construe the facts, as well as all rational inferences

8    therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550

9    U.S. 372, 378 (2007).

10       **B.  The Fair Debt Collection Practices Act**

11       The FDCPA was created to "eliminate abusive debt collection practices by

12   debt collectors."  15 U.S.C. § 1692.  Relevant here, a debt collector may not use

13   false or misleading representations or unfair practices in collecting or attempting to

14   collect a debt.  15 U.S.C. §§ 1692e-f.  "As a 'broad remedial statute,' the FDCPA

15   must be liberally construed in favor of the consumer to effectuate this goal of

16   eliminating abuse."  *Hernandez v. Williams, Zinman, & Parham PC*, 829 F.3d

17   1068, 1978-79 (9th Cir. 2016).

18       As a threshold matter, there must be a "debt," defined in the statute as "any

19   obligation or alleged obligation of a consumer to pay money arising out of a

20   *transaction* in which the money, property, insurance, or services which are the

subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5) (emphasis added).  "[W]hether the undisputed facts alleged in the complaint establish the existence of debt within the meaning of § 1692a(5) is a question of law."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Defendants argue that the FDCPA is not implicated on the grounds that: (1) "there was no transaction between [Plaintiff] and Defendants' clients" and (2) "Defendants never attempted to collect a debt from Plaintiff."  ECF No. 13 at 2.

*1.  No underlying "transaction"*

For purposes of the statute, the "debt" must arise out of a transaction that involves "some kind of business dealing or other consensual obligation."  *Fleming v. Pickard*, 581 F.3d 922, 925–26 (9th Cir. 2009) (quoting *Turner*, 362 F.3d at 1227).  Tort judgments and criminal acts, of course, are excluded from the umbrella of "consensual obligation."  *See Fleming*, 581 F.3d at 926; Turner, 362 F.3d at 1228.

Transactions in the landlord-tenant context consistently involve a lease agreement.  *See Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 115 (2d Cir. 1998).

The Second Circuit provided further insight into the transaction required in the landlord-tenant eviction process.  In *Romea*, the court found that while the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ~ 7

1  FDCPA does not require a transaction based on "an *extant* contractual

2  arrangement," the lease agreement nevertheless formed the basis for the transaction

3  because it did not terminate upon the tenant's failure to pay rent.  163 F.3d at 116.

4  Such a lease contrasts with examples of "the unauthorized use of cable television

5  services or the nonpayment of taxes" where "no contractual relationship exists or

6  indeed ever existed."  *Id.*

7       Here, the parties do not dispute that Plaintiff was living at the residence rent

8  free and without a lease.  ECF No. 14 at 2, ¶ 2; ECF No. 14 at 3, ¶ 8.  Defendants

9  argue that Plaintiff did not dispute the lack of transaction between the parties.  ECF

10 No. 22 at 3.  Plaintiff indirectly disputes this by making two arguments.  First,

11 Plaintiff cites to *Lian v. Stalick*, 106 Wash. App. 811, 823, 830 (2001) to assert that

12 a written lease is not required to find a landlord-tenant relationship, which would

13 trigger various obligations relating to the tenancy.  ECF No. 19 at 7.  Second,

14 Plaintiff argues that Defendants recognized the landlord-tenant relationship by

15 "taking advantage of the RLTA statutes" and "Unlawful Detainer eviction

16 process."  ECF No. 19 at 12.

17      Plaintiff's arguments are unavailing.  Plaintiff fails to point to any

18 contractual relationship between the parties.  Even where a written lease is not

19 required to establish a landlord-tenant relationship, there is no evidence of any oral

20 contract to pay rent.  Plaintiff's stay was merely gratuitous as she did not pay rent.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE ~ 8

1  Thus, there was no "transaction" establishing a debt to bring Plaintiff's claims

2  within the ambit of the FDCPA.

3        2.  *The alleged debt*

4        While Defendants assert that they merely sought possession of the residence,

5  Plaintiff asserts that Defendants also sought to collect a debt in the form of a

6  money judgment and attorney's fees through judicial proceedings.  ECF No. 19 at

7  9-10.  Because the Court finds that there was no "transaction" upon which debt

8  collection could occur, the Court rejects this argument.  Seeking costs and fees for

9  bringing a judicial action to obtain possession does not establish a consumer debt

10  for purposes of the FDCPA.

11        Here, the filing of an unlawful detainer action, a form of ejectment, sought

12  possession of the property, not the collection of a prior debt.  Unlawful detainer

13  actions are not debt collection activities.  *Von Brincken v. GMAC Mortg*. 2013 WL

14  322909 at *5 (E.D. Cal. 2013) (cases cited therein); *Keys v. Pearson Affiliated*,

15  Inc., 2013 WL 12205581 at *6 (C.D Cal. 2013); *Brown v. Deutsche Bank Nat.*

16  *Trust Co.*, 2015 WL 1416582 at *4 (S.D. Cal. 2015); *Lam v. Penny Mac*, 2019 WL

17  6045166 at *6 (E.D. Cal. 2019) (simple foreclosure of property is not collection of

18  debt).

19  //

20  //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE ~ 9

### C.  Judicial Notice

Defendants filed a Request for Judicial Notice regarding the public records in the underlying state proceeding.  ECF No. 17 at 2.  Federal courts may take judicial notice of state court orders and proceedings related to the matters at issue. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The request is unopposed.  However, as the Court has granted Defendants' Motion for Summary Judgment, Defendants' request is moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendants' Motion for Summary Judgment (ECF No. 13) is **GRANTED**.  This matter is **DISMISSED** with prejudice.

2.  Defendants' Request for Judicial Notice (ECF No. 17) is **DENIED as moot**.

3.  All pending motions are **DENIED** as moot, all deadlines, hearings and trial are **VACATED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** September 9, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ~ 10